IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:09cv85-MHT |
| NICADEMUS JOHNSON | ) | (WO) |

OPINION AND ORDER

This cause is before the court on defendant Nicademus Johnson's motion to continue.  For the reasons set forth below, the court finds that jury selection and trial, currently set for February 8, 2010, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

> days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).  In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  § 3161(h)(7)(B)(iv).

  The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Johnson in a speedy trial.

Through counsel, Johnson represents that he has filed a motion to suppress, and defense counsel would like to present a demonstration at the suppression hearing as to whether the witness police officer was physically able to smell marijuana, as he has previously testified.  An evidentiary hearing on the issue was originally held on December 7, 2009, and then further continued to December 18.  As agreed by the magistrate judge, the defense, and the government, the evidentiary hearing will again be rescheduled, in order that defense counsel may prepare an appropriate demonstration.

The court finds that a continuance is warranted to allow defense counsel adequate time to review all potentially relevant information and to consult a forensic expert in order to litigate fully and fairly Johnson's motion to suppress.  Furthermore, the government does not oppose the motion for a continuance.

Accordingly, it is ORDERED as follows:

(1) Defendant Nicademus Johnson's motion for continuance (doc. no. 35) is granted.

(2) The jury selection and trial are continued to June 7, 2010, at 10:00 a.m. in Courtroom 2FMJ at the Frank M. Johnson United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 17th day of December, 2009.

                      /s/ Myron H. Thompson
                      UNITED STATES DISTRICT JUDGE