IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA     )
                             )
     v.                      )     CRIMINAL ACTION NO.
                             )        2:09cv85-MHT
NICADEMUS JOHNSON            )           (WO)

<u>OPINION AND ORDER</u>

This cause is before the court on defendant Nicademus
Johnson's motion to continue.  For the reasons set forth
below, the court finds that jury selection and trial,
currently set for June 7, 2010, should be continued
pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the
sound discretion of the trial judge, <u>United States v.
Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court
is limited by the requirements of the Speedy Trial Act,
18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not
> guilty is entered, the trial of a
> defendant charged in an information or

> indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Johnson in a speedy trial.

Through counsel, Johnson represents that on May 21, 2010, he filed objections to the magistrate judge's recommendation that Johnson's pending motion to suppress be denied.  This court is set to issue an opinion on Johnson's objections and defense counsel requests additional time to prepare for trial, in light of the court's expected decision.  Counsel also asks that the plea deadline in this case be extended.  The government does not oppose the motion for a continuance, and the court finds Johnson will not be prejudiced by a continuance in this case.

Accordingly, it is ORDERED as follows:

(1)  Defendant  Nicademus  Johnson's  motion  for continuance (doc. no. 55) is granted.

(2) The jury selection and trial, now set for June 7, 2010, are reset for June 21, 2010, at 10:00 a.m., at the

Frank M. Johnson United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 3rd day of June, 2010.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE