IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:09cr85-MHT |
| NICADEMUS JOHNSON | ) | (WO) |

OPINION AND ORDER

Defendant Nicademus Johnson challenges the legality
of a vehicular search, which Troy Police Officer Anthony
McLendon conducted without a warrant after smelling raw
marijuana emanating from Johnson's car during a legal
investigative stop.  Johnson filed a motion to suppress
the firearm and 87 grams of marijuana discovered in the
trunk of his car.  United States Magistrate Judge Charles
S. Coody has recommended that the motion to suppress be
denied.  After an independent and de novo review of the
record, the court concludes that the well-written
recommendation should be adopted, albeit with different
reasoning on one point.

## I.   INTRODUCTION

Johnson is charged with knowingly possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and knowingly possessing a firearm in and affecting commerce, in violation of 18 U.S.C. § 922(g)(1).  He asserts four grounds in support of his suppression motion: his vehicle was stopped, seized, detained, and searched without a warrant, probable cause, or other lawful authority; he was seized, detained, and searched, without a warrant, probable cause, or other lawful authority; his statements made at the scene of the arrest were the product of his illegal arrest and detention, without a warrant or probable cause; and these statements were not the result of a knowing and voluntary waiver of his right to silence or his right to counsel.

2

Based on the evidence presented at hearing, the magistrate judge recommended that the court reject all four grounds and deny the motion to suppress. Johnson has objected to the magistrate judge's recommendation.

## II.   STANDARD OF REVIEW

Under the Federal Magistrates Act, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## III.   MAGISTRATE JUDGE'S RECOMMENDATION

The magistrate judge found that, upon smelling marijuana while effectuating the arrest of Johnson's co-passenger for unrelated illegal activity, Officer McLendon "had the duty to investigate [the] suspicious circumstances," recom. at 6 (quoting United States v.

3

Simmons, 172 F.3d 775, 779 (11th Cir. 1999)), as "the recognizable smell of marijuana gives rise to probable cause supporting a warrantless search." Id. at 6 (quoting United States v. Lueck, 678 F.2d 895, 903 (11th Cir. 1982)). Furthermore, the magistrate judge noted that, during the course of his co-passenger's arrest, Johnson appeared fidgety and nervous, which "is a pertinent factor in determining reasonable suspicion." Id. at 6 n. 5 (quoting Illinois v. Wardlow, 528 U.S. 119, 123 (2000)). In light of all the relevant circumstances, the magistrate judge found McLendon had probable cause to search the entire vehicle and, consequently, had probable cause to arrest Johnson, the owner of the vehicle, upon discovering marijuana and the gun in the trunk of the car in the course of the search.

IV. DE NOVO REVIEW OF REPORT AND RECOMMENDATION

Johnson makes a number of objections to the magistrate judge's recommendation, but only one warrants discussion: that the magistrate judge imposed "an erroneous burden of proof on [him]", def.'s obj. at 2 (doc. no. 53), by relying upon the standard set forth in Franks v. Delaware, 438 U.S. 154, 171 (1978), and requiring that he demonstrate "that McLendon's report of the marijuana smell was intentionally or recklessly false or made in bad faith." Recom. at 10-11. In finding Johnson was not entitled to relief, the magistrate judge held that "Johnson has not adduced any evidence which casts doubt on the reliability of McLendon's perception that he smelled marijuana." Id. at 11 (emphasis in original). However, in the event of a warrantless search, it is the government--not the defendant--who has the burden of establishing that the search was constitutional.

5

Law enforcement searches conducted without a warrant are presumptively unreasonable unless the circumstances of the search come within "a few specifically established and well-delineated exceptions." Arizona v. Gant, 129 S.Ct. 1710, 1716 (2009).  Initiating a search of a car involving "the transportation of contraband goods" is one such exception to the warrant requirement. United States v. Ross, 456 U.S. 798, 806-807 (1982) ("Given the nature of an automobile in transit, the Court recognized that an immediate intrusion is necessary if police officers are to secure the illicit  substance.  In this class of cases, the Court held that a warrantless search of an automobile is not unreasonable.").  McLendon testified that he smelled marijuana as he was arresting Johnson's co-passenger, which, if true, would give him probable cause to search the entire car.[1]  See Lueck, 678 F.2d at

1. The testimony was a follows:

"Defense Counsel:  Okay.  When you --
What was the moment where you first
perceived the odor of marijuana?

6

903 ("At the point marijuana was smelled by Officer
Helgeson, probable cause to believe a crime had been
committed, namely the importation and possession of
contraband, arose."); United States v. Tobin, 923 F.2d
1506, 1512 (11th Cir. 1991) ("There is no doubt that the
agent's suspicions rose to the level of probable cause
when, as the door stood open, he detected what he knew
from his law enforcement experience to be the odor of
marijuana.").  The magistrate judge appropriately found
credible McLendon's assertion that he smelled--or

---

> "McLendon:     When  I  was  at  the
> passenger's side with Mr. Fenn.  Upon
> making contact with him and pulling him
> out of the car was my initial [sic].
> And then while we were dealing with Mr.
> Fenn, we were right there at the side of
> the door and I could smell it the whole
> time we were dealing with him.
>
> "Q. So is it correct that the first time
> you smelled it was when you pulled it
> [sic] out of the car?
>
> "A. When I reached in to grab him and
> pull him out was the first initial time
> I made contact with him."

Evid. Hr'ng Trans. Vol. I at 28-29 (Doc. No. 43).

believed he smelled--marijuana while he was arresting

Johnson's co-passenger.[2]

However, after determining McLendon to be a credible

witness, and thus establishing probable cause for the

search, the magistrate judge then cited to the standard

set forth in <u>Franks</u>,[3] which held that a defendant

challenging the legitimacy of a search warrant must show

_____

2. Of course, a finding of probable cause is not a
foolproof enterprise; it merely means that the officer
has "a reasonable ground for belief of guilt." <u>Brinegar
v. United States</u>, 338 U.S. 160, 175 (1949). Reasonable
belief means more than "bare suspicion," <u>id</u>., and "good
faith is not enough to constitute probable cause."
<u>Carroll v. United States</u>, 267 U.S. 132, 161 (1925).
However, courts recognize that "sufficient probability,
not certainty, is the touchstone of reasonableness under
the Fourth Amendment," and thus, look to whether an
arrest is "a reasonable response to the situation facing
[the officers] at the time." <u>Maryland v. Garrison</u>, 480
U.S. 79, 87 (1987).

3. In his recommendation, the magistrate judge
states: "<u>Franks v. Delaware</u>, 438 U.S. 154 (1978) deals
with the question of false statements in affidavits filed
to secure issuance of a warrant. The affidavits are
necessary to establish probable cause. Here, the
probable cause necessary to support the search was the
officer's belief that he smelled marijuana. Thus, the
<u>Franks</u> standard is appropriate to use." Recom. at 11 n.
7.

that the affiant officer engaged in a "deliberate falsehood or reckless disregard for the truth" in making a sworn statement underlying the issuance of a warrant. 438 U.S. at 171-72.  Under Franks, there is "a presumption of validity with respect to the affidavit supporting the search warrant."   Id. at 171.  However, where, as here, a warrantless search is used to uncover illegal activity, the search itself is "per se unreasonable under the Fourth Amendment."   Gant, 129 S.Ct. at 1716.  The burden remains with the government to prove the officer had probable cause and the search fell within one of the recognized exceptions to the warrant requirement.  The government carried this burden.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that:

(1) Defendant Nicademus Johnson's objections (doc. no. 53) are overruled

(2) The recommendation of the magistrate judge (doc. no. 52) is adopted; and

9

    (3)  Defendant Johnson's motion to suppress (doc. no. 13) is denied.

    DONE, this the 4th day of June, 2010.


                   <u>   /s/ Myron H. Thompson   </u>
                   UNITED STATES DISTRICT JUDGE